UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN LaROSE,         ) | |
| )                       | |
| Plaintiff,           ) | |
| )                       | |
| vs.                    ) | Case number 1:14cv0123 TCM |
| )                       | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| )                       | |
| Defendant.          ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the application of Plaintiff for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The application is opposed because of its timing, not the amount sought.

By Order entered June 24, 2015, the Court concluded that the underlying adverse decision was not supported by substantial evidence on the record as a whole and remanded this case to the Acting Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further development of that record. On September 25, 2015, Plaintiff filed the pending motion.

The EAJA provides that a party seeking an award of fees must submit the application for such within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "In sentence four cases, the filing period [for EAJA applications] begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has begun to run, so that the judgment is no longer appealable." **Melkonyan v. Sullivan**, 501 U.S. 89, 102 (1991). Accord **Pottsmith v. Barnhart**, 306 F.3d 526, 527 (8th Cir. 2002). As noted by the

Acting Commissioner, she had sixty days in which to appeal the Court's remand order. See Fed.R.App.P. 4(a)(1)(B).

In the instant case, the sixty-day period ended on August 24, 2015.[1] Consequently, the thirty-day period for filing an EAJA claim ended on Wednesday, September 23, 2015. Plaintiff's motion, filed on September 25, 2015, is two-days late and is untimely.[2]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Ward of Attorney Fees Pursuant to the Equal Access to Justice Act is **DENIED**. [Doc. 25]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  26th  day of October, 2015.

---

[1] The sixtieth day fell on August 23, 2015, a Sunday. Consequently, the period did not end until the next day. See Fed.R.Civ.P. 6(a)(1)(C) (providing that the last day of the period is included when computing time unless that last day is a Saturday, Sunday, or legal holiday).

[2] The doctrine of equitable tolling has been applied to untimely EAJA applications. See e.g. **Doelling v. Colvin**, 2015 WL 1280106 (W.D. Ark. Mar. 20, 2015); **Sipes v. Colvin**, 2014 WL 2196898 (D. Ne. May 23, 2014). The question whether the doctrine applies in late EAJA applications need not be reached in the instant case, however, because Plaintiff has offered no explanation for his untimely application. See **Wagner v. Astrue**, 2012 WL 2079878, *1 (N.D. Ia. June 8, 2012) (denying untimely EAJA application when, even assuming that EAJA deadline could be tolled, the plaintiff had offered no explanation for failure to timely file application); **Douglas v. Astrue**, 2011 WL 1212186, *1 (E.D. Mo. Mar. 29, 2011) (finding any discussion of equitable tolling unnecessary when plaintiff failed to offer any explanation for late filing).